Number 19-2675. And before you start, I thought I'd just sort of set this up. You did get a note from from us, and I thought I'd set this up a little bit. In the motion to dismiss counsel for the DPRA asserted that any newly appointed members of the DPRA should not be allowed to participate in the DPRA. Any newly asserted claim for dot, dot, dot, nominal damages claims ALPHA specifically rejected in obtaining injunctive relief cannot save this case from dismissal. That's on Appendix 566 and 67. Alpha then responds that they're only seeking declaratory relief and award of attorney's fees. Alpha does not, this is on page 611, Alpha does not seek monetary damages. To be clear, and this is on 617, Alpha does not seek monetary damages. That's in bold. On page 618, in bold, the law of the case of doctrine is inapplicable because Alpha does not seek money damages. And then on the next page, again in bold, Alpha does not seek money damages. So that's a concern of the court, and perhaps the parties can deal with that amongst any other things you'd like to bring up. So you may proceed. Thank you very much, and good morning, your honors. My name is Tom Elliott. I'm pleased to appear here today on behalf of the DRPA, and appearing with me is Chief Counsel for the DRPA and my assistant counsel from our firm of Elliott Greenleaf, who worked very, very effectively with me on this, Stuart Greenleaf and Thomas Helbig. I'd like to reserve three minutes for rebuttal, if I may. That'll be grand. Thank you. And you saved me and the record time by going through the appendix sites that... You're saying we can get to lunch earlier? Is that it? I'm kidding. I'm kidding with you. I may be getting ahead of the whole event. I don't know. I just thought I'd set it up so both parties would have sort of a reference point. I understand that, and I appreciate it. And those points were made in the prompt letter that we got from the court. And if I may, I'd like to go to the issues as they're stated in that prompt letter, which were set up by what the court just observed. With the court's leave, I'd like to take the second point first. If that doesn't offend anybody, I'll address that. The one thing that became very clear from the appendix sites, and it's virtually beyond dispute, and that is that Alpha only sought declaratory relief, attorney's fees and costs, and not only never sought monetary damages, but as the court just put on the record, actively disclaimed at every turn any interest in monetary damages. As a starting matter, your opening brief framed this as a standing issue. But by your reply brief, it seems you agree that this is really a question of mootness, correct, not standing. I know that it's maybe an intellectual level beyond mine where mootness and standing are so close from an analytical standpoint. My understanding of standing is that's the determination that's made at the beginning of the process. Mootness may or may not occur as the process goes along. But we're later in the process now, so isn't it a mootness analysis? It is mootness now, absolutely. Now, under Friends of the Earth, it matters because the burden of proof is this heavy burden to show it has become moot. Right. Okay, so go ahead and talk about the nominal damages point, as you were pointing to. Yes, the nominal damages are monetary damages. I don't think that there's any dispute about that. It's dollars. It's something with a dollar sign in front of it. But the appendix citations were all in the context of there's no adequate relief at law, compensatory damages are not going to do it. In context, what they're saying is, no, we're not seeking compensatory damages here. We need an injunction in order to remedy this. So the need for an injunction or no adequate relief at law is not inconsistent with nominal damages. No, I think you're absolutely right. And I think that the critical point on the nominal damages is they were never sought. And the distinction that I'd make is that when it suited Alpha to seek or to make clear to the court that it was not seeking any monetary damages. It was only seeking declaratory relief. They did that. So they made a tactical decision. And now you agreed to my point that this could be read in context as we're just disclaiming compensatory damages. But you also hinted at another argument, which is they were never sought. They're not mentioned in the complaints. Now, there's some case law out there I want to hear you deal with. So Basista, we've got this case from 1965 that said in a sentence, you know, they're going to be presumed. They don't have to be sought. There's there's Alpha fees now fees. That's that might just be pro se litigant. But Basista wasn't a pro se litigant. Was that is that binding on us? Well, I'm not on the on the second one, the on the fees case that you've already mentioned. I didn't hear the name of the second case. You're on Basista versus Weir from 1965 in the Third Circuit. You're not familiar with the case. I don't remember it, Your Honor. All right. I'll ask your officers. OK, but if I could just return that. What a critical point in AP Boyd, which is a it's a non-presidential case, but it's a very persuasive case in this in this context. The key was that the contracts were already completed in this in the Alpha case. The contract to paint the the bridge was already bid. It was already awarded and the work was already done. And now comes this amended complaint, which we say there was no authority, which, of course, violated the mandate. But that's another. But if amending is OK, amendments relate back and amended prayers for relief relate back. And you've agreed there was standing at the outset. No one disputes. There was standing at the time the complaint was filed. So we're in mootness territory and you've got a heavy burden to show the case is moot. Right. I'm not sure they could initiate a new suit now, but they're a big bridge painting company. They paint bridges across the country. They've painted bridges for DARPA before. They might want to come back and paint bridges for DARPA again. How can we be as I think it's friends or as late lobby? It's absolutely clear that there is no reasonable probability that this will recur. The two points that I would make in response to that question, Your Honor. The first one is that it was never argued that there was a an opportunity or that there was a risk or that there was a likelihood that there was any opportunity for this to to recur. So mootness is up before us. I mean, we examine jurisdiction at any point. So that's not dispositive. I understand that. But the critical point is there's nothing in this record to to support an argument that that there was a likelihood of this recurring. There's no got the burden of disproving it. It has to be absolutely clear. Well, the two things that I would say that factually make that a very difficult task for the for Alpha is that they withdrew from the from the bidding process. Does this mean that if they come back in some future bid that they're going to be confronted with the same bid requirements, the same specifications which were declared to be problematic? Realize there was only one aspect and that was the the undue, if you will, attention that D.R.P.A. paid to what were called experience modification factors. That was the only thing that this court said was the was the source of the of the violation of the constitutional violation. To remedy that, the the district or the circuit court remanded it with the direction to enter a more narrow injunction and to deal with that, to deal with that issue. In order to comply with that mandate, the D.R.P.A. proposed a totally new approach that dealt specifically with E.M.S. not being the solely determining factor on the awarding of the of the contract. All right. Even if normal damage aren't in the case, declaratory relief is a possibility. So you for that, you would still just have to show the same thing. No reasonable likelihood of this recurring. I think that it's very clear from the submission that we made to to the district court. When we cataloged the the items which we were going to make sure address the the Third Circuit's concern the last time we were here two years ago on how the responsibility review was going to be determined. The responsibility review was given a much broader scope consistent with with this court's opinion at that time. And that is now in the and you maintain that your conduct throughout has been lawful. Correct. Yes. Saying we're never going to do this again. We're sorry. Anything like that. No. OK. I'm sorry. Do you guys have anything from the jurisdictional. Just quickly back to the nominal damages. Yes. So the complainant to two paragraphs in the complaint referred to awarding such further relief as the court deems just and proper pursuant to Section 1983. So couldn't the court award a dollar in nominal damages in recognition that somebody's constitutional rights have been violated. It happens all the time in 1983 cases. Well what they're saying they're just saying we don't want money. Couldn't the district court say hey we're going to give you a dollar if you sought nominal damages. We might be in a different situation. And I think that the general they're asking for any such further relief as the court deems just and proper. The any just my recollection of the prayer for relief. I just don't have it in front of me the very final line of the of the complaint. It's in the complaint twice. Yes. Is that is that it was injunction related. In other words the whole focus of the of the pleading was driven by the declaratory relief and the injunctive relief. Nonetheless as Judge Estrepo says it does. The prayer is for further relief. It's fairly common. I don't think it was limited to it wasn't limited. It's fairly wide open for the relief. Is that enough to. How do you deal with that. Well I haven't I haven't seen a case that in this circuit or another circuit that says don't worry if you don't plead nominal damages you can always go back to the catch all phraseology in your. That's actually the besiesta case I cited that you're not familiar with. But right. Are you guys more interested in. I would like to have a moment to ask you about the merits issues here. First of all on equal protection your friends on the other side say you weigh the at least part of the argument is that you waive that you know the inquest analogy etc. And you never reply. You never responded that in the reply brief. So can you point me to anywhere where you preserve this this idea that equal protection class of one is not permissible in the government contracting context. Well I think a properly pleaded class of one may very well be. But our perspective on it was that this was not a properly pleaded nor properly. You are not you're not disputing that point. Can you point to any presidential case in which our court has said there's an animus element in the class of one equal protection claim. And did you preserve that part of it. The case is my recollection is that the that the focus the focal point of the cases that dealt with that. And I thought they were in this circuit. I just can't remember them by name right now dealt specifically with the requirement of some indication of animus or malice towards that individual. In other words it was the they were singled out for some special treatment. Did you preserve that argument in the district court. Yes I think we did. OK. You're aware of where in the record you did. Well I can find that. I've got a couple more minutes and I can do that. How about the threshold issue here. This rule 15 B issue. The equal protection issue is basically a constitutional version of the arbitrary capricious common law claim. Is there any way in which you would have litigated this case any differently. I mean if those are if they're basically the same claim. Is there any way in which you would have litigated differently taken this into discovery anyway in which you were prejudiced by the post trial amendment here. Yes we're totally prejudiced by it because we had no idea when we were trying the case that that was included in the case. Notice is a notice is a requirement. How would you have done it differently. Any way at all you can think of where where you would have litigated it differently. First of all there was no there was no discovery or there was no. Yeah there was no discovery at all beyond the that was in there in Alfa's rush to judgment. They wanted to combine the the injunctive phase with the trial on the merits which was their decision and they made it. But there was no discovery that was I guess my point is that this is just like the arbitrary and capricious claim. How would you have done this one any differently from the way you litigated the arbitrary and capricious claim. Well I think that it's a misuse it's attempted to use 15 to rule 15 for a purpose other than it's intended. May I take your inability to answer the question as a concession that you have no prejudice you can point to and you're simply saying it's not legally authorized by Rule 15. Is that where your position comes down. It is not only not legally authorized by Rule 15 but it's inconsistent with Rule 15. OK that is your sole procedural objection here because you're unable to cite any prejudice to me that unless I can do it in the in the rebuttal. OK if you come up with it by the rebuttal I'll listen. Is there anything else in equal protection where we get to due process procedure due process. OK so let's talk about the merits of this. You rely pretty heavily on independent enterprises. It's a pretty good case but it's a Pennsylvania law case. I've looked at New Jersey law. New Jersey law seems to say you can't seek damages but you might be able to go and seek injunctive relief in these kinds of cases. So what do we do. First of all is this if this is a by state compact that Congress authorized and it's the entity is both Pennsylvania New Jersey. Is it federal common law that governs here or is it the law of both states somehow. Because I think you make the point that you know it's not it's not clear that either state expressly authorized applying this to DERPA. So should we be formulating federal common law to decide is there a protected property interest here. I think the answer to that is is the only argument that I can make or the only way I can address that is the notion that unless a something in both states are mirror images of each other. Then the the the court's decision is what law is going to apply. OK well if we think it might be federal common law might we consider what New Jersey and Pennsylvania at least have in common here. I mean we may need to formulate a rule decision but I don't know whether under federalism I would be sensitive that Pennsylvania New Jersey have part of this in common. You can't seek money damages and then they seem like they might have a difference. You can tell me if you found Pennsylvania New Jersey law but seems like Pennsylvania would foreclose these claims entirely. New Jersey might allow declaratory and injunctive relief. So there is some kind of protected interest New Jersey not Pennsylvania. We might have to pick between these two rules. Why should we pick the rule you want which is that there's no protectable interest in the first place. If we have to decide between these two rules. Well I think that the greater interest it's it's it's a very difficult argument to make who has the greater interest in the in the outcome. Let's say both states have equal interest because the bridge the bridges go to cover both. Maybe we have to pick which is the better rule or the more consistent rule with their states. Why is it a preferable rule to say there's no protectable interest here at all. Because you guys to win on procedure due process you have to say they have no protectable interest. If we if we don't buy your threshold procedural objections. Well because I think the requirements as I said of the of the of the procedural due process are stronger. They're more effective and I think that those are the ones that should be applied. OK if you have anything more but think about it in time for rebuttal. Thank you. Thank you. Thank you. We'll hear from counsel for the appellate. Good morning. Morning. May it please the court. Jennifer Radel from Gibbons PC on behalf of Alpha Painting. I plan to start with the court's letter. Obviously if there's one issue the court would refer. I can I can start wherever. But I would like to I guess first start with the questions that the court had in terms of the waiver. And I think the court's view of the statements made by Alpha in context is exactly where that question needs to be answered. In context Alpha disclaimed and has always disclaimed the right to receive compensatory damages. The law appeared very clear to us still seems clear to us that a rejected bidder however wrongful is not entitled to actual compensatory damages. So are you arguing that every time you said we don't seek damages you only mean compensatory damages. Effectively yes. In the in the briefing below. So that's the first piece. What was said in the context of receiving the injunction that there was no adequate remedy at law. When we were before the district court if you look at the way this issue really wasn't briefed in the same way that we're discussing it today. The argument that was really being made was that we couldn't proceed with our procedural due process claim. And ask for our attorney's fees under Section 1988 because we had disclaimed damages. And we said attorney's fees aren't damages. We're not we never sought damages we're not seeking damages. Now yes in hindsight there was a passing reference in one of the briefs that your honor mentioned at the outset to nominal damages. But that really wasn't the focus. So in context we were it was never Alpha's intent to disclaim one nominal damages. One reason it's not disclaimed is because neither your original or amended complaint pleaded nominal damages. Now the rest of the bench has suggested reasons why maybe we could read it into any relief that's just improper. But you know why would we read it in especially with a well counsel you're not pro se. Why read it in the trend of the law is we don't imply these things. Arizona's for official English is skeptical. But right Miller treatise says the modern law is that we don't imply these things. So why should we let you off the hook on that. OK. So to start. Basista is the law of this circuit which said nominal damages don't need to be expressly fled. An old I read that one sentence in Basista. First I thought it said that. But Basista sends back for a new trial. And then it has this discussion that says so we would have upheld the damages award except we're sending it back for a new trial anyway. So the damage is wiped out. So I don't think Basista is holding. You even if if you're not you're not convinced that Basista is part of the core holding of Basista. The that suggestion is applied elsewhere. And Allah and other Allah Allah invokes the pro se status. And I think we do treat pro se litigants differently. It does. But Rule 54 doesn't. And Rule 54 states and instructs the court to grant final judgment that grants the relief to which each party is entitled even if not demanded in the pleading. But a lot of it even the cases you sent us in the 28 J letter the other day. I mean they all are good arguments for the relief those cases. But yet we have an express waiver in this case which would take it outside of the rules and all these these these case holdings. How do we deal with a waiver in these circumstances. Well first for the reason that I suggested I don't mean in other words it's not just I didn't say anything about nominal damages. We have an out now waiver here. I again in context I think you have a waiver of compensatory damages. But here in light of the holding in Burns and Higgins where the court has held that a claim for a completed procedural due process claim always survives mootness because of the possibility of the availability of nominal damages. That finding an intention to read your papers are replete with the term monetary money damage. You're asking us to read compensatory in lieu of monetary money in context. Yes. Why do you even need the nominal damages. Why is declaratory relief enough. I think that declaratory relief is enough. The district court thing thought that it was not. There is some authority that suggested declaratory relief in order for it to be enough. It's perspective in nature right. Forward looking now here. I think that the unique procedural concept circumstances sort of help push that all together. You have to recall what happened here is that after this court affirmed in finding that the D.R.P.A.'s rejection of Alfa's bid was illegal. We returned to the district court at that time. The junction had been vacated and we had no remedy. So when we appeared before the district court we asked for two things. We asked to modify the injunction and to reinstate our procedural due process claim at that juncture. The district court did what was prudent at the time. It exercised its discretion to enter the injunctive relief so that the public project could continue while at the same time allowing our procedural. So it's a matter of timing. Let's say we apply the general test. I'm sorry. The general test for mootness under France of the Earth. Is it absolutely clear that there's no reasonable prospect of this recurring. Make the argument as to why this declaratory judgment has some possible forward looking effect on your client. I think that the D.R.P.A.'s conduct here in when we returned to the district court. The district court found that what it was seeking to do in the injunction that the D.R.P.A. was arguing for. Was it was in the district court's word and unexplained and continuing preference for quirk on notwithstanding this court's ruling. And I think as you heard today and in the briefs D.R.P.A. is unapologetic about what it has done. Alpha is a bridge painter. Will Alpha bid again. I have to think they will. There's nothing in the record again is because of the way the issue was briefed in the district court. But there is no reason to think that the D.R.P.A. wouldn't treat Alpha the same. But we just don't have the record in light of the way that the issue was presented. Back to if you're if your honor wants to hear more on that. Jurisdiction go ahead. I'll get to the merits later. Yeah. Just back to the waiver point. The other issue that I wanted to raise is that because of the holding in Burns and Higgins that a claim for a completed procedural due process violation is is done at the time. The violation occurs and therefore always survives a misclaim because of the availability of nominal damages. Finding that we intentionally voluntarily waived a claim for nominal damages here is effectively a conclusion that we voluntarily and intentionally waived our procedural due process rights. And that is certainly not inconsistent with it is certainly not consistent with the record. So I think in light of the holding in Burns and Higgins. So to find the waiver is a clear and unambiguous waiver of nominal damages is effectively a finding that we've waived our claim. I don't have more on jurisdiction. Unless your honor unless you're the court has. Do you have anything else on the mootness point? Well I would say on the mootness point just I cited Kirby to the court and that applies rule 54. And what that says is that the court is is instructed by rule 54 to determine whether the plaintiffs are entitled to any remedy. So we had a prayer for declaratory relief. If the court felt or feels that the request for declaratory relief was not in itself sufficient. Then what the court was obligated and is obligated to do is determine whether there is an appropriate relief and that would be nominal damages. Equal protection. Yes. Inquist distinguished between equal protection claims brought by the government that's regulatory capacity versus those brought in proprietary capacity and said government employment is on the proprietary side. Why is it that you think that government contracting isn't like government employment on the proprietary side. Why we should treat it as more regulatory matter that can give rise to equal protection class of one claims. Because inquest looks like the closest precedent in some ways. Because the issue is so tied to the specific regulations or procedures in the public bidding context. There may be public bidding statutes and regulations that are very similar to the employment context. But that the rule is still that the class of one claim can exist where the challenge. This decision is purely discretionary. And here in light of the D.R.P.A.'s manual for the same reasons that we believe that there's a protective property interest. The D.R.P.A.'s discretion here is very limited. Once a bidder is determined to be low and responsive. And there has to be a substantial reason. That's not the sort of purely discretionary decision. And what's your position on what of the equal protection challenges were preserved below? And which of the equal protection was the equal protection claim entirely forfeited below or not? By D.R.P.A.? Yeah. The only argument I believe we've taken the position that they've waived. Is that the argument that a class of one claim can never. That's how I read their brief now. Is that an equal class of one equal protection claim can never exist in the public bidding context. We obviously disagree on the merits. But we also believe that that issue was not preserved below. Unless you guys have more on equal protection. I did want to ask some questions on procedural. Oh, no, no. The threshold issue on equal procedural due process. We have this. We first got to talk about the Rule 15 issue on equal protection before we get there. Your friends on the other side are stressing the text of the rule. This is a post-trial amendment. It's highly unusual to be adding in a new claim later. So it seems to collide with the text of the rule. Why should. Why was it nevertheless within the district court's discretion to allow this? This belated amendment. Again, I think the court's questions to our adversary hit right on the main point. That it's a discretionary determination by the district court. And the touchstone of that analysis is prejudice. The D.R.P.A. has never articulated any prejudice. What's your best authority for our being able to focus on this functional prejudice approach? The Douglas and Liberty Lincoln cases that are cited in the briefs are relied upon by D.R.P.A. as if there is a bright line standard under Rule 15. And those cases all ultimately, I think, turn on the prejudice. Or at least speak to the prejudice and not solely the other factors. The D.R.P.A. never, in response to the summary judgment motion below, indicated that it needed any additional discovery. It never suggested that there were additional issues, additional testimony, additional evidence that would have been presented had it been an equal protection claim. So I think that the lack of prejudice, given the lack of prejudice, it was well within the court's discretion. And I would also, just for context again, we're talking about this as if it was Rule 15. We never really made a motion for Rule 15, but we're assuming that that was the basis for the court's ruling. Unless my colleagues want to ask more about equal protection, I would like to ask about due process. First of all, how would you describe the property interest you're claiming here? You're not claiming you had a contract. You're not even claiming there was promissory estoppel that gave you contract rights. So how do we describe it in a way that would be workable for future cases? So in terms of the workability for future cases, that the existence of the property right and what that property right is would only be for purposes of DRPA bidding contracts under this manual. I understand it might be cited more broadly. But bidders for DARPA bridge projects, bridge, tunnel, I don't know what, have a right to have their bids processed according to every rule in the rule books that DARPA puts out? No, I would articulate it this way. I would say that the low responsible bidder is entitled to be the awardee absent a substantial reason for finding a lack of responsibility. Alpha was the low bidder. It was the low responsive bidder when the 10 days passed. And after that time, it was rejected without any real responsibility determination. But it needed not only the process, but DRPA had to point to a substantial reason for finding that it was not responsible. What makes me nervous is that low is an easy objective criterion. Responsive seems like it might be relatively mechanical. But is there really not discretion built into this more holistic responsibility analysis in a way that will cause all kinds of trouble if we're going to voice this as a rule on DRPA? This then would push us towards saying this is more like an inquest kind of claim that we can't require them to follow this because responsibility is not something we as judges can easily police. My time is up, but may I answer? Please. The substantial reason standard in the DRPA's manual limits the substantive discretion. And that is just like the four cause standard in the public employment context that this court has recognized in McKinney and Tundo. If there is a four cause required for the termination of a public employment or a public employment benefit, that is sufficient to give rise to a protected property interest, even though employment determinations are ordinarily discretionary as the court recognized in inquest. If it's a four cause standard, you have a legitimate entitlement, which is the standard for giving rise to a property interest, and the substantial reason standard in the DRPA manual is parallel to that four cause standard. If I could, with your indulgence, may I keep her up? Sure. To ask what I asked your friend on the other side. So we've got the independent enterprises case, but that's a Pennsylvania law case. Yes. We don't have a lot of briefing on the New Jersey law, but what I've been able to find suggests New Jersey law does not allow damages, but does allow declaratory and injunctive relief. So there would be a protected interest, protected to a limited extent in New Jersey. There's no protected interest in Pennsylvania. This is a bi-state entity, and neither of these laws appears to expressly talk to what DRPA can do. This is a creature of an interstate compact blessed by Congress. Do we apply federal common law here? With respect to whether a property interest arises, the source is always the state law or here the DRPA manual, right? But the federal rules apply as to what's sufficiently limited discretion to give rise to that property interest. Okay, but the weird thing is there's not one state that applies. We've got two states. Are we saying there's a right on one half of the bridge and not the other half? No, and I think the law is clear, as my colleague suggested, that unless Pennsylvania law and New Jersey law are exactly the same, that the DRPA is not bound by either of those. So I think we are in the realm of some federal common law. If they are, and Pennsylvania and New Jersey agree to some extent, but they disagree to another, should federal common law be looking at what these two states are, trying to mirror it for this entity and maybe different in other cases? And if that's right, how do we pick between these two? I mean, I think you're out of court under Pennsylvania law, and you might be in court under New Jersey law. Make the argument as to why the New Jersey rule or a broader rule is a better or the more fitting one we should adopt. I don't think it's appropriate for the court to look to either of those states' laws given the general proposition that the DRPA is not subject to either state's law unless they're precisely the same. So I'm not sure that I understand the court's question. If we don't look to either state's law, how do you have a property right? Where does your property right come from? A property right arises from the manual. It doesn't have to arise from a law. It can arise from a manual-like procedure. Under some body of law, and I guess your argument would be the manual itself was blessed by both states and by both Congress, so the manual has some status, but we still have to think about status under what body of law. The manual is effectively the regulations that the DRPA is subject to. When we interpret the manual, what body of law are we using to interpret the manual? I think it has to be federal common law. Okay, so we still have to figure out whether the manual creates a property interest such that due process is triggered. Correct. And so how do we figure out the content of federal common law, at least as to this manual? We can apply the general standards. The general standards are that when there's a legitimate entitlement to a benefit under, in this case, the DRPA manual, that can give rise to a protected property interest. And the limited discretion that it requires a substantial reason to reject after you're low responsive is sufficiently similar to the four cause, I think, to find the building blocks. Is there something in the manual that says it's creating rights for the benefit of the bidders? I mean, this was the issue in independent enterprises. How do we know the rules are for the benefit of the bidders, not just for the benefit of taxpayers? Is there something in the manual that speaks to that? I don't know the answer to that. I could certainly look and provide it to the court. But I'm not aware of any law that is similar to the Pennsylvania law, which is that a bidder has no standing to object to an arbitrary, capricious, or illegal conduct by the DRPA. That's the law that independent enterprises is primarily based upon, a well-developed body of Pennsylvania law that no bidder, under any circumstances, has standing to challenge a bid. And I'm not aware of any law that federal common law or law particular to the DRPA that would suggest that there's not standing. There's a lot of case law in the federal government public bidding context where bidders have standing to assert challenges as to the process. Okay, thank you, Carol. Thank you. If I may briefly follow up on a few points that were made in the opening argument. You talk about awarding nominal damages, or the panel talked about awarding nominal damages. I think that one of the critical hurdles to any award of nominal damages now is that all of the injunctive relief that was sought was already granted. There is no case law that I know of where moot claims can be resurrected and where they disclaimed dollar damages and say, well, we'll just give them that benefit of that doubt because it's in the general prayer for relief. We do have a doctrine that says voluntary cessation of illegal activity doesn't make something moot. This is like involuntary cessation of illegal activity under court order. It seems like a stronger case for saying just the fact that you got some relief doesn't mean that the court had to do it at the same time rather than doing it over some period of time. The reason that this activity stopped is in part because of the earlier order of the court's relief. So voluntary cessation might seem to be analogous. I think that the one critical point that I'll make on that issue is to draw the court's attention to an appendix site at 126, which is the detailed submission by DRPA to the district court following remand as to how the responsibility review, which this panel has expressed some interest in, was going to happen. It was totally different than the, well, it included many of the same principles, but it included a much more thorough, as this court directed us to, a much more thorough responsibility review. And to say, in response to an earlier question from the panel, the fact that I replied, did we say sorry, my view is that action is eloquence. I think Shakespeare said that. That was our statement of we understand what you said, Third Circuit. We understand that you weren't satisfied with that responsibility review. Here, district court, is how we're going to remedy that. And here are the many steps that we're now going to go through, excuse me, in the responsibility review that Alpha abandoned. Alpha didn't want to participate in it. They voluntarily withdrew from it. Your time is up, sir. It is. Okay, all right. Thank you, counsel. Thank you very much. We will take the case under advisement.